# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD W. JEFFERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-11-2066 |
| WARDEN J. PHILLIP MORGAN, ASST. WARDEN FRANK B. BISHOP, LT. LIKIN, MICHAEL P. THOMAS, SGT. BERRY, SGT. ANGLE, OFFFICER BRONSON BECKER, OFFICER KNIGHT, RN STEVEN, OFFICER N. ALEXANDER, DANIEL ANDREWS, OFFICER GEIGER, OFFICER HETZ, OFFICER G. WILSON, and OFFICER FODELY | * | |
| Defendants | * | |

## MEMORANDUM

The above-captioned case was filed on July 27, 2011, together with a motion to proceed in forma pauperis. Because the complaint contains claims upon which relief may not be granted, some of the claims will be dismissed. Each is analyzed below.

Plaintiff raises several unrelated claims in the complaint and simultaneously filed amended complaint. ECF No. 1. In the complaint he claims he has been improperly denied restoration of diminution of confinement credits by Warden Morgan and Hearing Officer Daniel Andrews. ECF No. 1 at p. 4. As relief he seeks an injunction restraining "further enforcement of the three years and ten months remaining sentence." *Id*. The relief sought is in the nature of a writ of habeas corpus. Sentence and diminution credit calculation issues generally are issues of

state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998), *see Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). The claim concerning plaintiff's credits will be dismissed.

In the "Amended Complaint" filed simultaneously with the complaint, plaintiff raises the following claims: he was assaulted on May 26, 2011, the result of being double celled; he was denied commissary items he ordered including legal materials because of something his cell partner did; he was refused recreation while confined to segregation because he had a medical appointment; his mattress was confiscated because it contained contraband and he was denied the use of a mattress for eight days after he refused to pay for the damage to the mattress; at an adjustment hearing he was harassed when corrections personnel removed from the room, searched him, and accused of altering a pair of state-issue shorts; and his outgoing mail is being intercepted. ECF No. 1 at Att. 1. In addition there is yet another claim concerning events occurring on July 21, 2011 which is incomplete. *Id*. at p. 19.

Plaintiff is no stranger to this court. His practice is to file a complaint with the court and use the open case as a means to vent all of his grievances with prison officials as they occur. The instant case is no exception to that practice. Nevertheless, the claims that state a colorable constitutional claim shall be allowed to proceed. Plaintiff is forewarned that the case will be limited to those claims and may not be expanded to include other unrelated claims.

Plaintiff's claim that he was assaulted by his cell mate on May 26, 2011, and received inadequate medical care following the altercation, states a colorable claim and will be permitted to go forward. *Id*. at pp. 4 – 6. Plaintiff will be directed to notify the court whether he intends to name additional defendants, other than the male nurse noted, with respect to this claim.

Plaintiff's claim concerning not receiving commissary items he ordered will be permitted to go forward if plaintiff can provide adequate supplementation of the claim describing any actual injury or harm that he suffered as a result of being temporarily denied legal materials such as stamps and writing material. *Id*. at pp. 7 – 11. He will be granted 21 days in which to supplement this claim. Plaintiff is forewarned that failure to adequately supplement the claim will result in dismissal of this claim without further notice.

Plaintiff's claim regarding recreation being denied due to the fact he had a medical appointment will be dismissed. *Id*. at pp. 11- 12. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or

emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Occasional denial of recreation to accommodate medical or other appointments does not approach the level of inadequate conditions found to be unconstitutional. The claim will be dismissed.

Plaintiff's claim regarding his mattress is also subject to dismissal. Plaintiff admits in his complaint he was not provided another mattress because he refused to pay for the damaged mattress found to contain contraband. ECF No. 1 at Att. 1, pp. 13 – 14. To the extent plaintiff is challenging the fee charged, his claim concerns confiscated property. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] To the extent plaintiff is claiming the deprivation of a mattress for eight days is an Eighth Amendment violation, the claim fails. *See Strickler*, 989 F.2d at 1381.

Plaintiff's harassment claim involving being removed from an adjustment hearing, searched, and accused of altering state issue clothing must also be dismissed. ECF No. 1 at Att. 1, p. 15. "'A complaint which alleges retaliation in wholly conclusory terms may safely be

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). In the prison context, plaintiff must establish that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals. *See Rizzo v. Dawson*, 778 F.2d 527, 532 & n. 4 (9th Cir.1985). The preservation of internal order and discipline constitutes a legitimate goal of the correctional institution. *Id*. at 532. Plaintiff's claim does not allege the retaliatory conduct took place as a result of the exercise of a constitutional right and offers no evidence that the officer's conduct was unjustified. The claim will be dismissed.

Plaintiff's claim regarding outgoing mail does not state a claim as presented. Plaintiff will be permitted an opportunity to supplement this complaint with facts regarding how or why he thinks his outgoing mail is not reaching its destination and describing the damages or harm that has befallen him as a result of the interference. Plaintiff is reminded that only those claims that have not been dismissed may be addressed in any supplemental pleadings he files. A separate order follows.

_August 9, 2011_____      __/s/_____
Date     J. Frederick Motz
    United States District Judge