IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD JEFFERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-11-2066 |
| WARDEN J. PHILLIP MORGAN, *et al.* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Pending are defendants' motions to dismiss or for summary judgment. ECF No. 34 and 42. Plaintiff opposes the motions. ECF No. 41 and 47. Also pending are plaintiff's motions for injunctive relief and for deposition. ECF No. 39 and 48. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff Edward Jefferson ("Jefferson") alleges on May 26, 2011, he was assigned to administrative segregation where inmates who were determined to be a danger to the security of the institution, inmates and staff were forced to be double-celled. He states he was restrained with handcuffs behind his back when another inmate, Anthony Smalls, attacked him with his fists and a knife. Jefferson was knocked unconscious by the assault, hitting the back of his head on a sink. Jefferson claims his left jaw was swollen, he was bleeding from his right elbow, and he sustained an abrasion to the upper left side of his chest from the weapon wielded by Smalls. Jefferson states that Officer Wilson deployed pepper spray into the cell where Jefferson and Smalls were located, causing Smalls to drop the weapon on the floor. Wilson then called a "code 10-10" resulting in other officers reporting to the area to assist. After Smalls was re-handcuffed, Jefferson was lifted off of the floor and escorted to a room where he was examined by a male

nurse ("Steven"). The only injury noted was the swelling in Jefferson's left jaw, but the escorting officer pointed out that Jefferson was bleeding from his right elbow. A photograph was taken with a video camera. Jefferson claims his constitutional rights were violated by the policy of allowing double celling of inmates in segregation housing.[1] ECF No. 1 at Attachment 1, pp. 4 – 5.

## Injunctive Relief

Injunctive relief is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Jefferson's motion for injunction and restraining order asserts that prison employees were opening his legal mail outside of his presence and throwing legal mail away. ECF No. 39. Additionally he claims personal mail is being thrown away and the supervisor for the mail room is "turning a blind eye" due to nepotism. An internal complaint filed by Jefferson indicates that he sent legal mail to the Commissioner's office and had not received a response; he requested verification that the mail had gone out. The response from the mail room staff indicates that they do not keep records of regular outgoing mail. *Id*. at p. 4.

During the time frame Jefferson alleges his legal mail was intercepted, his ability to file legal documents in the instant case was unaffected. From April 21, 2011, the date of Jefferson's

---

[1] All remaining claims raised in the complaint were previously dismissed. ECF No. 3 and 4.

informal inmate complaint form, to February 28, 2012, the date he filed his motion for injunctive relief, he filed the complaint in this case as well as 13 other pleadings, including an interlocutory appeal. *See* ECF Nos. 5, 6, 7, 8, 9, 10, 11, 13, 19, 20, 21, 37, and 38. Included among those pleadings are responses in opposition to the dispositive motions filed by defendants. It is clear that even if the allegations raised in the motion are true, Jefferson has suffered no discernible harm from those actions. Accordingly his motion for injunctive relief will be denied.

## Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Failure to Protect Claim

In order to prevail on an Eighth Amendment claim of failure to protect from violence, plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; s*ee also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997). Deliberate indifference to the risk of a violent assault is present where: the prisoner was the subject of specific threats; the risk of assault was pervasive at the facility; or the prisoner belonged to a class of persons identified as vulnerable to assault. *See Randolph v. State*, 74 F. Supp. 2d 537, 541 (D. Md. 1999).

Jefferson claims the practice of double-celling inmates on segregation was the cause of the assault upon him by Smalls and violates the Eighth Amendment. ECF No. 1. Defendants

state the assault by Smalls was a random act of violence for which they had no forewarning. ECF No. 34 at Ex. A, pp. 5 – 7, 10.  Defendants do not dispute that Smalls assaulted Jefferson, who was handcuffed, after Jefferson was placed inside a cell with Smalls, who was armed with a homemade knife. *Id*. at p. 7.  The two inmates were placed in the cell together.  When handcuffs were removed from Smalls, he began assaulting Jefferson, who was still handcuffed. *Id*. at pp.12 and 17.  Officer Wilson witnessed the assault and applied a burst of pepper spray to Smalls' face in order to stop the assault.  Wilson then called for assistance and Officer Eric Niland and Sergeant Huff responded.  Smalls was restrained and both inmates were removed from the cell for medical treatment, including a shower.  Jefferson was treated for a small laceration to his left cheek. A subsequent search of the cell uncovered an additional homemade weapon as well as a homemade "stab vest" made from magazines belonging to Smalls. *Id.*

   Jefferson concedes that Smalls' attack on him occurred "without warning."  ECF No. 41 at p. 13.  His claim is that the double-celling policy exposed him to a pervasive risk of harm because it involved assigning two inmates on segregation to one cell. *Id*.  Although Jefferson states that assaults occur regularly on the segregation unit, he does not allege that inmates on segregation are more vulnerable to assault than inmates in general population, nor does he allege that assaults are more likely to occur at the hands of a cellmate versus other segregation inmates. Jefferson does not claim that he is particularly vulnerable to assaults by other inmates, nor does he claim defendants should have known that Smalls planned to assault him.  When the assault occurred, it was not permitted to continue.  Measures were taken immediately to insure Jefferson's assailant was subdued.  Based on the undisputed facts, the Eighth Amendment claim for failure to protect Jefferson from violence fails.  Defendants are entitled to summary judgment in their favor.

Medical Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995),

quoting *Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

At the time the Serious Incident Report was prepared, Jefferson did not provide a statement regarding the incident because he complained a head injury was making him dizzy. ECF No. 34 at Ex. A, p. 21. The medical exam, conducted by R.N. Steven Bray, revealed no alteration in Jefferson's consciousness, stable vital signs, and a scratch to his left cheek which was no longer bleeding. *Id*. at p. 27. Jefferson reported that the back of his head hurt, but no swelling or redness to the area was noted. *Id*. Jefferson continued to complain about pain to his jaw, neck, and elbow. ECF No. 41 at Ex. B; ECF No. 42 at Ex. A. An examination performed on June 1, 2011, by Physician's Assistant Sparks revealed that Jefferson's neck (cervical spine) was tender, and his right elbow was tender and mildly swollen. *Id*. The range of motion in Jefferson's neck was within normal limits and painless and there was no sign of contusions, abrasions, swelling or redness in his neck, elbow, or jaw. *Id*. Sparks ordered x-rays of Jefferson's jaw, elbow and neck which revealed "no evidence of an acute fracture, dislocation or subluxation." *Id*., *see also* ECF No. 41 at Ex. B. There was, however, evidence of bone spurs, commonly associated with osteoarthritis, at the fourth cervical vertebra and tendinitis near the elbow. ECF No. 42 at Ex. A.

Jefferson's claim against Bray centers on his allegation that Bray falsely documented the injuries sustained during the assault by Smalls. ECF No. 47 at p. 6. That failure, according to

Jefferson, required him to submit a sick call slip on the following day which resulted in an examination by P.A. Sparks on June 1, 2011. *Id*. The subsequent examination by Sparks, however, did not reveal a serious medical condition. Jefferson's claim is without merit. Any delay that occurred in addressing Jefferson's complaints of pain was minimal. Bray's alleged failure to note the injuries claimed by Jefferson is not the type of callous disregard prohibited by the Eighth Amendment. Defendant Bray is entitled to summary judgment in his favor.[2]

A separate order granting defendants' motions for summary judgment follows.


__July 12, 2012_____                             __/s/_____  
Date                                                J. Frederick Motz  
                                                    United States District Judge

---

[2] In light of the disposition of the case, Jefferson's pending motion for deposition shall be denied. ECF No. 48.